MAURICIO SANCHEZ v. THE STATE.

No. 19437.   Delivered February 23, 1938.

The opinion states the case.

*Arturo C. Gonzalez*, of Del Rio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for ten years.

Sometime prior to the assault upon which the present prosecution was predicated appellant had been indicted for the offense of assault with intent to murder, it being alleged that Miguel Garcia was the victim of said assault. Thereafter appellant and Garcia met in a beer tavern and drank together. According to the testimony of Garcia, appellant offered to pay his expenses to absent himself from court at the time the case of appellant was to be tried. He left the tavern, telling appellant he would take the matter under advisement, but later returned and informed appellant he could not agree to his proposition. He and appellant then continued to drink together until he advised appellant that he (Garcia) had to go home. Appellant insisted that he permit him to drive him home in his automobile; and he finally entered the car with appellant, believing that he would take him to his home. Appellant drove to a baseball park, and stopped. Telling Garcia that he desired to answer a call of nature, he left the car. Upon his return he ordered Garcia to alight. As Garcia stepped out of the car and attempted to run appellant stabbed him in the lung with a knife; and, as he ran away, appellant pursued him but was unable to overtake him. The wound was serious and Garcia was confined to his bed for several months. It was shown that the knife appellant used had a blade about three and one-half inches long.

Appellant testified, in substance, as follows: He and Garcia had been drinking together on the occasion in question. He had not requested Garcia to absent himself from court. When he stopped at the baseball park Garcia forced him out of the car;

and, striking him with his fist, knocked him down. As he got up he observed Garcia making a demonstration as if to draw a knife. Believing that his life was in danger, he drew his knife and stabbed Garcia. He had been advised by certain parties that Garcia had theretofore threatened to kill him.

We are unable to agree with appellant's contention that the testimony is not sufficient to support a conviction for assault with intent to murder with malice.

The court submitted an instruction covering the law of self-defense based on apparent danger; and, further, in a separate paragraph, charged on the law of communicated threats. This was proper; and appellant's exception to the charge on the ground that the two charges on self-defense should have been embraced in one paragraph was not well taken. Bennett v. State, 194 S. W. 148.

Appellant excepted to the charge on threats on the ground that the court required the jury to believe that the threats had been in fact made. We think the charge could not have misled the jury. It is true that in the first part of the charge the court instructed the jury as follows: "Now if you believe from the evidence or if you have a reasonable doubt thereof that the alleged assaulted party Miguel Garcia had made threats to take the life of, or inflict serious bodily injury upon the defendant," etc. However, the court thereafter in the charge pointedly instructed the jury that if the threats had been communicated to appellant and he believed the same to have been seriously made, whether they were in fact made or not, and that so believing it reasonably appeared to the appellant, by some act or acts "then and there done or words or statements made or uttered, or by words or statements then and there uttered, coupled with the act or acts of the said Miguel Garcia, there was manifested an immediate intention to execute the threat or threats so made, or by the defendant believed to have been made, and the defendant Mauricio Sanchez, then and there believed himself to be in danger of death, or of suffering serious bodily injury at the hands of the said Miguel Garcia, or if it reasonably then and there so appeared to the defendant, viewed alone from his standpoint at the time, and that, acting under such reasonable expectation or fear the defendant did make an assault upon the said Miguel Garcia, then you should acquit the defendant, or if you have a reasonable doubt that such were the facts and circumstances you must give the defendant the benefit of such doubt and say by your verdict not guilty."

We think the charge adequately safeguarded the rights of the appellant.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.